IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01566-CYC

R.A.[1],

     Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[2]

     Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

     This case illustrates the folly of considering an argument first raised in a reply brief. Contending that the Court erred in applying a rescinded regulation in its previous decision in this case, *R.A. v. Dudek*, No. 24-cv-01566-CYC, 2025 WL 887408, at *3–4 (D. Colo. Mar. 21, 2025), the Social Security Commissioner ("Commissioner") moves to alter the judgment. ECF No. 21. Because the Commissioner is correct that, under current regulations, an administrative law judge ("ALJ") need not obtain and consider the opinion of a medical expert on the question of medical equivalence at step three of the evaluation process and because substantial evidence exists to support the ALJ's decision that the plaintiff's migraines were not the equivalent of a per se disability, the Commissioner's motion is **GRANTED**.

---

[1] Pursuant to D.C.COLO.LAPR 5.2(b), this order identifies the plaintiff by initials only.
[2] Frank Bisignano has become the Commissioner of Social Security and is automatically substituted as the defendant in this case pursuant to Fed. R. Civ. P. 25(d).

The Court assumes general familiarity with its previous opinion. That opinion, considering case law cited for the first time in the plaintiff's reply brief, held that the ALJ erred by failing to receive a medical opinion on step-three equivalence. *R.A.*, 2025 WL 887408, at *4 (citing Social Security Ruling ("SSR") 96-6P, 1996 WL 374180, at *3 (July 3, 1996)). Judgment entered accordingly. ECF No. 20. The Commissioner moves to alter the judgment.

A motion to amend or alter the judgment must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The motion was timely filed here. *See* ECF No. 21. Such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," not "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Having not had that prior opportunity when the Court considered the plaintiff's reply argument, the Commissioner now correctly points out that "SSR 96-6P was rescinded and replaced by SSR 17-2p, effective March 27, 2017." *Pascuzzo v. Colvin*, No. 16-cv-02989-CMA, 2017 WL 6033680, at *3 n.1 (D. Colo. Sep. 12, 2017). The Court's prior analysis therefore misapprehended the controlling law.

That does not end the matter, though. The plaintiff also argued that the ALJ's explanation of why he rejected her migraines as being equivalent to a per se listing at step three was insufficient. ECF No. 13 at 16–19. The Court's previous opinion did not address this argument.

That now requires consideration of the argument under the correct standard. The plaintiff bears the "step three burden to present evidence establishing her impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (citing *Burnett v. Comm'r*, 220 F.3d 112, 120 n.2 (3d Cir. 2000)).

> To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:

2

> 1. A prior administrative medical finding from an [Medical Consultant] or [Psychological Consultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or
>
> 2. [Medical Expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> 3. A report from the [Appeals Council]'s medical support staff supporting the medical equivalence finding.

SSR 17-2P, 2017 WL 3928306, at *3 (Mar. 27, 2017). The plaintiff relies on the second of these categories. *See* ECF No. 16 at 4.

At step three, when an ALJ "believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment." SSR 17-2P, 2017 WL 3928306, at *4 (Mar. 27, 2017). Instead, at this step, "a statement that the individual's impairment(s) does not medically equal a listed impairment" generally "constitutes sufficient articulation for this finding." *Id.* Thus, an "ALJ [is] not required to point to evidence disproving each criterion of the listing." *J.C. v. Comm'r Soc. Sec. Admin.*, No. 23-cv-01754-RMR, 2024 WL 1694061, at *3 (D. Colo. Mar. 29, 2024).

That is what the ALJ did. Noting that "there are no listing criteria for headaches," the ALJ considered "the most closely analogous listed impairment," epilepsy in listing 11.02. ECF No. 12 at 25. After so considering, he concluded that "there is no evidence that the claimant's primary headache disorder medically equals a listing, either individually or in combination with another impairment." *Id.* At step three, no more was exigible.

Of course, an ALJ's explanation of his decision must be sufficient to allow for meaningful judicial review. *See Lindsay M. v. Kijakazi*, No. 2:21-cv-02063-EFM, 2022 WL

612452, at *10 (D. Kan. Mar. 2, 2022). But that explanation need not be self-contained at step three. Instead, "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross*, 431 F.3d at 733; *see* SSR 17-2P, 2017 WL 3928306, at *4 ("An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3."). Here, they do.

The ALJ, for instance, noted that the evidence showed that the plaintiff's migraines were not as frequent as she claimed. ECF No. 12 at 31. In the record the ALJ cited, the plaintiff reported that "she ha[d] not had" a migraine "in a while." ECF No. 12 at 911. This is significant: when considering migraines' equivalency to listing 11.02, a court must consider that "[p]aragraph B of listing 11.02 requires dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment." SSR 19-4P, 2019 WL 4169635, at *7 (Aug. 26, 2019). Likewise, "[p]aragraph D of listing 11.02 requires dyscognitive seizures occurring at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment, and marked limitation in one area of functioning." *Id.* Migraines that had not come for "a while" are inconsistent with the frequency required for medical equivalency to listing 11.02.

The plaintiff protests. Elsewhere in the record, she says, she complained more frequently of migraines and, thus, the ALJ's conclusion that "no evidence" supported medical equivalency is unsupported. ECF No. 16 at 6–7. But some of her citations merely note by way of medical history that she has migraines. *See* ECF No. 12 at 465, 472, 598, 654, 910–11. Others recount

specific instances, spaced months or years apart, of the plaintiff seeking help for migraine-related symptoms. *See id.* at 754, 866. None constitute "a description from a medical source detailing all symptoms, duration, intensity, frequency, adherence to prescribed treatment, side effects of treatment, and resulting limitations in functioning," *N.V.T. v. Dudek*, No. 23-cv-02588-LTB, 2025 WL 2490478, at *5 (D. Colo. Apr. 8, 2025) (citing SSR 19-4p, 2019 WL 4169635, at *7), such that the ALJ's comment about the lack of evidence supporting medical equivalency would be divorced from reality. Indeed, while some of the records to which the plaintiff points note a frequency that might fall within listing 11.02, none of them — or at least none to which she directs the Court — detail how long that frequency persisted, let alone that it did for the three months required for medical equivalency with listing 11.02.

The plaintiff also attacks the ALJ's "no evidence" verbiage, ECF No. 12 at 25, by arguing that it hid an implicit corollary that she suffered from zero migraines. ECF No. 16 at 7–9. But the ALJ's conclusion that no evidence of equivalence existed is not the same as stating that no evidence of migraines existed. Fairly read, it simply asserts — and the plaintiff has not rebutted — that no record evidence satisfied the various criteria required by SSR 19-4p for medical equivalency to listing 11.02. That is unsurprising; SSR 19-4 itself predicts that medical equivalency between a primary headache disorder and epilepsy would be "uncommon." 2019 WL 4169635, at *7. This case, then, simply falls within that prediction.

The short of it is that the Court's earlier decision on the necessity of a medical opinion at step three was incorrect and, measured by the correct standards, the ALJ's decision at step three was sufficiently grounded in substantial evidence.

For the foregoing reasons, then, the Commissioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), is **GRANTED**. This matter is **REMANDED** for further proceedings consistent with this opinion, pursuant to 42 U.S.C. § 405(g).

SO ORDERED this 12th day of March, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge